UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **HERITAGE TECHNOLOGIES, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:05-cv-1851-LJM-WTL |
| | ) |
| **PHIBRO-TECH, INC.,** | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO COMPEL

This cause is before the Magistrate Judge on the Defendant's fully-briefed motion to compel. While the motion raises two issues, the parties have resolved one of them by stipulation. With regard to the remaining issue, the motion is **DENIED** for the reasons set forth below.

This case involves a non-compete agreement that essentially applies to the eastern half of North America (the "Restricted Area"). In its motion, the Defendant asks the Court to compel the Plaintiff to produce information regarding "the prices it has charged and/or paid to customers" who are within the Restricted Area and those who are not. The Defendant believes that this information will demonstrate that the customers within the Restricted Area are paying and/or receiving lower prices[1] than those outside of the Restricted Area; that fact, the Defendant argues, would be relevant to the issue of whether the covenant is against public policy. *See, e.g., Pathfinder Communications Corp. v. Macy*, 795 N.E.2d 1103, 1109 (Ind. App. 2003) (to be enforceable, covenant "must be reasonable with respect to the legitimate interests of the

---

[1] While customers paying higher prices to the Plaintiff and customers receiving lower prices from the Plaintiff are both at issue, for simplicity's sake the Magistrate Judge hereinafter will refer to "price increases."

employer, restrictions on the employee, and the public interest.").

The Defendant has cited no authority for the proposition that a covenant can be rendered unenforceable as against public policy because it has the effect of raising prices in the relevant market, and the Magistrate Judge is not convinced that is the case. Even assuming that it is, however, the Defendant is not entitled to the discovery it seeks, because that discovery cannot, by itself, demonstrate that the covenant in this case caused a price increase. The simple comparison between prices within and without the Restricted Area proposed by the Defendant ignores that fact that many other variables affect prices, and many of those variables could cause a disparity in prices between the eastern and western halves of North America. In other words, evidence that prices were higher within the Restricted Area, without more, would be irrelevant. Rather, expert testimony would be required to analyze all of the relevant variables and opine regarding the covenant's place among them. The time for obtaining such expert testimony in this case has long since passed, however, and therefore the pricing information sought by the Defendant would neither be admissible at trial by itself or reasonably calculated to lead to the discovery of admissible evidence as required by Federal Rule of Civil Procedure 26(b)(1). Accordingly, the Defendant's motion to compel is **DENIED**.

SO ORDERED:   11/06/2007

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification