UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION


HERITAGE TECHNOLOGIES, L.L.C.,      )
        Plaintiff,                 )
                                 )
      vs.                       )         1:05-cv-1851-LJM-WTL
                                 )
PHIBRO-TECH, INC.,             )
        Defendant.           )


## ORDER ON ATTORNEY FEE PETITION

This cause is before the Court on plaintiff's, Heritage Technologies, L.L.C. ("Heritage"),

Attorney Fee Petition (Docket No. 127).  Heritage requests $316.694.90 in fees.[1]  Defendant, Phibro-

Tech, Inc. ("Phibro-Tech"), has filed a response in opposition to the fee request contending that the

petition should be denied or the request substantially reduced.  This matter has been fully briefed and

is ripe for ruling.

For the reasons explained herein, Heritage's fee petition is **DENIED**.


## I.  STANDARDS

The party seeking an award of attorneys' fees has the burden of proving that it is entitled to

the amount sought.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Estate of Borst v. O'Brien*,

979 F.2d 511, 515 (7th Cir. 1992).   In cases involving contractual fee-shifting provisions, a

reasonableness standard has been applied.  *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*,

200 F.3d 518, 520 (7th Cir. 1999).  Fee applicants commonly include records to document and

---

[1]  Heritage originally requested $318,537.40 in fees but reduced its request in its reply
brief by $1,842.50. *See* Reply Br. at 5 (Docket No. 132).

support their request for fees.  *See, e.g.*, *Harter v. Iowa Grain Co.*, 220 F.3d 544, 561 (7th Cir. 2000); *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 549 (7th Cir. 1999); *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005).

In making its determination of the reasonable attorneys' fees in this case, the Court will borrow the method used in computing reasonable attorneys' fees in employment discrimination cases.  The Court starts with the "lodestar" amount, calculated by multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate.  *See Hensley*, 461 U.S. at 433; *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003); *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995).  This amount may be adjusted up or down depending upon the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.  *See Mathur*, 317 F.3d at 742 n.1 (quoting *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995)).

## II.  DISCUSSION

In its opposition to the fee petition, Phibro-Tech claims that Heritage has failed to demonstrate that the requested fees are reasonable and has failed to demonstrate that it properly allocated its fees for those related solely to litigating the "$0.1" term.  More specifically, Phibro-Tech challenges the fact that Heritage has submitted completely redacted billing statements, relies on

attorney affidavits "summarizing" the hours worked by individual attorneys by date and vouching for the correctness of the summaries to support the fee petition, and has indicated that it excluded from its claimed fees those amounts not solely related to the non-compete provision.  Phibro-Tech argues that the entire amount of requested fees should be either denied or substantially reduced.

In response, Heritage argues that it submitted redacted bills to avoid disclosing privileged communications or work product litigation strategies in light of an anticipated appeal and possible future breaches of the contract.[2]  In addition, Heritage asserts that the trial rules do not require it to submit more than the summaries that it attached to its fee petition but that it is willing to submit less redacted versions of its bills for the Court's review if necessary.  Finally, Heritage makes an appeal to equity, suggesting that Phibro-Tech unnecessarily forced Heritage to litigate this matter and is now unfairly creating an impediment to the fee petition.

Heritage's attorney affidavits "summarizing" the activity and vouching for their accuracy do not adequately assist the Court in its attempt to determine the reasonableness of the requested amount.  It is unclear whether all of the time for which Heritage is seeking payment is related solely to the dispute over the "$0.1" term.  The Court's Order clearly contemplated that Heritage would separate out any work attributable to the non-compete agreement, even that which was only partially related.  *See* Order Following Bench Trial, ¶¶ 58-60 & Conclusion, pp. 27-29 (Docket No. 126).  However, the Court is not convinced that this was done, particularly in light of Heritage's counsel's incorrect assertion that the Court's Order authorized fees "that were not solely related to the issue of the non-compete agreement."  *See* Aff. of Erik Johnson in Support of Heritage's Fee Petition, ¶

---

[2]  The Court pauses to note that, in denying the request for a permanent injunction, it found Heritage's insistence on a potential future violation to be unconvincing.  *See* Order Following Bench Trial, ¶ 56, pp. 26-27 (Docket No. 126).

4.  In addition, Heritage's counsel's summary of activity makes it difficult to determine how much time was spent on a particular task and whether that amount of time was reasonable.  Along with that problem, it is impossible to gauge whether there was an any improper overlapping of hours worked by the various Heritage attorneys who worked on the case.  In short, the affidavits of Heritage's counsel amount to little more than "take our word for it."

Moreover, the difficulty of the Court's task is compounded by the submission of billing statements that are almost entirely redacted under a blanket claim of privilege.  The Court is unaware of another case where a party has gone to such lengths to entirely redact its billing statements where it is attempting to recover attorney fees.  Further, Heritage's reliance on the trial rules to excuse its failure to provide more detailed information is made more problematic considering that the Court specifically ordered Heritage to submit supporting documentation detailing the claimed fees.  *See* Order Following Bench Trial, ¶ 60 & Conclusion, pp. 27-28 (Docket No. 126).

Heritage suggests that it could, on request, submit less redacted statements to the Court for the Court's review.  There is no need here to give Heritage a second opportunity to meet its burden on fees.  The Court's Order Following Bench Trial already gave Heritage the opportunity to submit less redacted bills; Heritage has chosen its path.

As a final matter, the Court notes that both parties grudgingly assert that they each should recover fees on the non-compete issues, although neither submits detailed billing records supporting the amount of money they should recover for litigating that claim.  Heritage contends that it should recover fees because it defeated Phibro-Tech's argument that the non-compete provisions were not enforceable.  In contrast, Phibro-Tech believes that it should recover fees because it ultimately prevailed on the breach of contract claim.  The Court is unpersuaded by the arguments.  As was clear

4

from the various briefs and the evidence presented at trial, the primary focus of this case was

litigating the meaning of the term "$0.1." Further, it is time for this case to come to an end, and

undertaking the tedious task of calculating and discounting the fees on the non-compete issue would

not be an efficient use of the Court's time, particularly when the parties themselves have such

apparent difficulty and disagreement about parsing their time. Finally, absent supporting

documentation to demonstrate otherwise, the Court concludes that the issue is a wash, *i.e.*, that any

amount spent litigating the breach of contract claim is balanced out by the time spent litigating the

enforceability of the non-compete provisions. Therefore, the Court will not award any fees to either

party for litigating the non-compete issues.

### III. CONCLUSION

Based on the foregoing, plaintiff's, Heritage Technologies, L.L.C. ("Heritage"), Attorney Fee

Petition (Docket No. 127) is **DENIED**. Entry of Judgment shall follow.

IT IS SO ORDERED this 15th day of February, 2008.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution attached.

**Electronically distributed to:**

Thomas A. Cunningham
CUNNINGHAM WELSH DARLOW ZOOK & CHAPOTON, LLP
tcunningham@cdzc.com

Andrew W. Gefell
PROSKAUER ROSE LLP
agefell@proskauer.com

Erik Christopher Johnson
ICE MILLER LLP
erik.johnson@icemiller.com

G. Daniel Kelley Jr.
ICE MILLER LLP
daniel.kelley@icemiller.com

Michael T. Mervis
PROSKAUER ROSE LLP
mmervis@proskauer.com

Michael  Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmaclaw.com

Matthew R. St. Louis
ICE MILLER LLP
matthew.st.louis@icemiller.com